**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

ANGELA DEL CARMEN RUIZ,
Petitioner,

v.

PATRICK DIVVER, Field Office Director of Enforcement and Removal Operation, San Diego Field Office, Immigration and Customs Enforcement, et al.,
Respondents.

Case No.: 26cv4774 DMS (JLB)

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus. Respondents filed a Return to the Petition. Petitioner did not file a Traverse. For the following reasons, the Petition is granted.

Petitioner is a citizen and national of El Salvador. (Return at 1.) She unlawfully entered the United States on October 4, 2023, after which she was arrested by border patrol officers. (Return, Ex. 1.) Petitioner received a Notice to Appear before an immigration judge on April 22, 2024, and was thereafter released on her own recognizance. (*Id.*; Return, Exs. 2-3.)

/ / /

On September 24, 2024, Petitioner filed an application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). (Pet. at 3-4.) Petitioner subsequently obtained employment authorization based on her pending asylum application. (*Id.* at 4.)

On January 31, 2026, Petitioner appeared for her regular appointment with Immigration and Customs Enforcement ("ICE"), where she was re-detained. (*Id.*) She was subsequently transferred to Otay Mesa Detention Center, where she remains in custody. (*Id.*)

On May 7, 2026, an immigration judge ("IJ") denied Petitioner's applications for asylum and withholding of removal under the Immigration and Nationality Act, but granted her application for withholding of removal under the CAT. (Return, Ex. 5.) The IJ also ordered Petitioner removed to El Salvador. (*Id.*) Petitioner waived appeal of that decision, and the Government did not file an appeal, therefore Petitioner's removal order became final on May 7, 2026.

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days" (referred to as the "removal period"). 28 U.S.C. § 1231(a)(1)(A). An alien must be detained during the 90-day removal period. 28 U.S.C. § 1231(a)(2). After the removal period, an alien not yet removed may continue to be detained or released under supervision; however, detention beyond the removal period is limited to what is reasonably necessary to bring about the alien's removal. 28 U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). Section 1231 contains an implicit time limitation of six months, after which post-removal detention is no longer presumptively reasonable. *Zadvydas*, 533 U.S. at 690, 701. The petitioner has the initial burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," after which, the Government must respond with evidence sufficient to rebut this showing. *Id.* at 701. If removal is not reasonably foreseeable, the petitioner's detention is no longer authorized by statute. *Id.* at 699–700.

/ / /

"In that case, . . . the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances." *Id.* at 700.

Here, Petitioner has been detained for over eight months, and for nearly five months since her removal order became final, triggering the *Zadvydas* burden-shifting scheme. Petitioner argues there is no significant likelihood she will be removed to El Salvador in light of the IJ's grant of her application for withholding of removal to that country under the CAT. Respondents do not dispute Petitioner cannot be removed to El Salvador, and they fail to provide the Court with any evidence that they are attempting to remove Petitioner to a third country. On this record, Petitioner has met her burden at step one of the *Zadvydas* framework, and Respondents have not come forward with evidence to show there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. Accordingly, Petitioner's present detention is unlawful and she must be released. *See Souvannaseng v. Noem*, No. 3:25-cv-3473-CAB-DEB, 2025 WL 3641180, at *2 (S.D. Cal. Dec. 16, 2025) (granting petition and ordering petitioner's release); *Phouvieng K. v. Andrews*, No. 1:25-cv-01512-KES-SAB (HC), 2025 WL 3265504, at *6, 11 (E.D. Cal. Nov. 24, 2025) (finding petitioner likely to succeed on merits of claim and ordering petitioner's release). In accordance with this Order, the parties are ordered to file a Joint Status Report on or before **October 13, 2026**, confirming Petitioner has been released. The Clerk of Court shall enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Dated: October 6, 2026

Hon. Dana M. Sabraw
United States District Judge